**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL EUGENE BROWN,
Plaintiff-Appellant,

v.

H. R. POWELL, Warden; PATRICIA

CROCKER, Assistant Post Master; B.
HINES, Sergeant, Security; S.
SIMMONS, Accounting Office,
Defendants-Appellees.

No. 97-6931

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
John A. MacKenzie, Senior District Judge.
(CA-95-414-2)

Submitted: February 22, 2000

Decided: March 15, 2000

Before LUTTIG and MICHAEL, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Eugene Brown, Appellant Pro Se. William W. Muse, Assistant Attorney General, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Eugene Brown appeals from the dismissal of his 42 U.S.C.A. § 1983 (West Supp. 1999) action. Because Brown's notice of appeal was received in the district court after expiration of the appeal period, we remanded the case to the district court and instructed the district court to obtain information regarding the date that Brown delivered his notice of appeal to prison officials and to determine the timeliness of the filing under Houston v. Lack, 487 U.S. 266 (1988) (notice considered filed as of the date Appellant delivers it to prison officials forwarding to the court).

On remand, the district court ordered the Defendants to indicate when Brown delivered his notice of appeal to prison authorities. Defendants filed a response and attached an affidavit from the Operations Officer at Dillwyn Correctional Center. The affidavit stated that outgoing mail is picked up every weekday morning from a mailbox to which prisoners have access and delivered on the same day to the United States Post Office. Mail marked "legal mail" is logged and documented, but regular mail is not. Finally, the affidavit stated that Dillwyn's logbook showed that Brown had not mailed legal mail to the United States Fourth Circuit Court of Appeals [1] or the Attorney General in either May, June, or July of 1997.[2]

The district court neither requested any information from Brown nor informed him that he could respond to Defendants' filing. Brown did not file any documents or pleadings in district court on remand.

_____

[1] However, Brown filed his notice of appeal in the district court.
[2] The order being appealed from was entered May 15, 1997. Therefore, Brown's notice of appeal was due by June 16. Brown filed a notice of appeal on July 7. The notice was dated May 12, and the certificate of service was dated June 12.

2

The district court issued an order applying the "presumption of regularity" to prison officials and the post office and found that Brown's appeal was not timely filed.[3] The case was then returned to this court.

Our review of the record and case file discloses that, when Brown filed his action, he resided at Deerfield Correctional Center. Around December 10, 1996, he was transferred to Greensville Correctional Center. It was not until on or around May 8, 1998, that Brown was transferred to Dillwyn Correctional Center. (See Change of Address Notification). Therefore, at the relevant time in 1997 when his notice of appeal was filed, Brown was not at Dillwyn. Thus, the Operations Officer's affidavit is irrelevant, and the district court erred in relying upon it. As there is no further evidence in the record regarding the date Brown gave his notice of appeal to prison officials, we are unable to resolve the issue on this record.

Therefore, we remand the case with instructions to determine the date Brown delivered his notice of appeal to Greensville officials. We also note that Brown should be notified of his right to respond to any evidence produced by Defendants. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED
_____

[3] The district court stated that Brown "did not deliver his notice of appeal to prison authorities on or before June 13, 1997." However, Brown's notice was not due until June 16. The district court apparently erred by counting from the date of issuance of the final order (May 14, 1997) rather than the date of entry of that order (May 15, 1997). See Fed. R. App. P. 4(a)(1)(A).

3